NATHAN GOLDSMITH V. STATE OF OHIO.

And 9 other cases.

STATE OF OHIO V. KATE MAGRISH.

And 3 other cases.

1. ENGAGING IN COMMON LABOR AND CAUSING STORE TO BE OPENED ON SUNDAY CONSTITUTE TWO OFFENSES.

Engaging in common labor on Sunday and causing a place to be opened for the transaction of business on such day, proscribed by Gen. Code 13044, are distinct offenses; to charge both in the affidavit and warrant as one offense is bad for duplicity.

2. WARRANT FOR VIOLATION OF SUNDAY STATUTE, REQUIRED TO SET OUT NEGATIVE.

A warrant charging common labor on Sunday is insufficient, if it does not set out the negative averments that the labor performed was not a work of necessity or charity and that it did not come within the other saving clauses of Gen. Code 13045.

3. FAILURE OF WARRANT TO CHARGE KNOWLEDGE OR CRIMINAL INTEREST INSUFFICIENT FOR SUNDAY VIOLATION PROSECUTION.

An affidavit and warrant do not charge a violation of the Sunday closing law or the performance of common labor on Sunday, if there is a failure to charge knowledge and criminal intent on the part of the accused.

4. WARRANT REQUIRED TO STATE SUBSTANCE OF ACCUSATION, OR CONTAIN AFFIDAVIT.

A warrant, neither setting forth the substance charged as required by Gen. Code 13500; nor incorporating the affidavit therein; nor attaching to nor referring to the affidavit; nor containing averments as to the county in which the offense is alleged to have occurred, insufficiently lays venue of the offense charged.

ERROR to Hamilton common pleas court.

*Pogue & Pogue,* for plaintiffs in error.

*Bates & Meyer,* for defendants in error.

**SMITH, J.**

In the first ten cases and last four above named, the plaintiffs in error and defendants in error respectively were arrested, tried and convicted before the mayor of the village of Delhi for an alleged violation of Gen. Code 13044, which prohibits performance of common labor on Sunday.

Upon the hearing of petitions in error to the court of common pleas, the judgments of the mayor in the first five cases were affirmed; in the next five cases the judgments were affirmed in part and reversed in part, and in the remaining four cases the judgments of the trial court were reversed on the ground that the same were not sustained by the evidence.

From the record it appears that each of the parties was arrested upon affidavits and warrants issued by the mayor of the village of Delhi in the following language, except as to the name of the respective defendants.

11 O. C. C. Vol. 32

Hamilton County.

"STATE OF OHIO, HAMILTON COUNTY, SS:

Before me, a notary public in and for said county, came Anthony Fichtl, who being 'duly sworn according to law, deposeth and saith, that on or about the 15th day of September, 1907, at the county aforesaid, Nathan Goldsmith, being over fourteen years of age, engaged in common labor on the first day of the week, commonly called Sunday, by engaging in the business of selling dry-goods, not being a work of necessity or charity, and also caused to be opened in the county aforesaid and on said day a place for the transaction of business, to-wit, selling dry-goods, not being a work of necessity or charity, and and provided, and further this deponent saith not."

(Duly signed by affiant and authenticated by a notary public.)

The warrant reads as follows:

STATE OF OHIO, HAMILTON COUNTY.

"Marshal of the Village of Delhi, Greeting.

"Whereas, complainant has been before me, mayor of the village of Delhi, Hamilton county, aforesaid, upon the oath of Anthony Fichtl, that Nathan Goldsmith being over fourteen years, did, on or about the 15th day of September, 1907, at the county aforesaid, engage in common labor on the first day of the week, commonly called Sunday, by engaging in the business of selling dry-goods, not being a work of necessity or charity, and also caused to be opened in the county aforesaid and on said day 'a place for the transaction of business, to-wit: selling dry-goods.

"These are therefore to command you to take the said Nathan Goldsmith, if he be found in your county, or if he shall have fled, that you pursue after him into any other county in the state and him take and safely keep, so that you have his body forthwith, before me to answer the said complaint and be further dealt with according to law.

"Given under my hand this 17th day of September, A. D. 1907.　　　　　　　　　　　"E. E. KRUTHOFFER,

"*Mayor of the Village of Delhi.*"

Goldsmith v. State.

At the trial, motions to quash the information, demurrers to the same and motions to discharge were made in each case, but they were overruled by the trial court; each defendant being adjudged guilty and fined by the mayor.

Objections are made to the judgments rendered against the various parties by the trial court for the following reasons:

First. A venue of the offense can not be ascertained from the affidavits and warrants.

Second. That the return of the service is defective.

Third. That the affidavits and warrants fail to allege a crime.

Fourth. That the affidavits and warrants are bad for duplicity.

Fifth. That the necessary negative averments are not contained in the affidavits and warrants.

Sixth. That the affidavits and warrants are defective in that they fail to allege criminal intent.

Seventh. The affidavits and warrants are defective in that the second charge is not complete in omitting the necessary exceptions, that the causing to be opened a building or place for the transaction of business was not a work of necessity or charity.

As to the first objection, we are of the opinion that it is well taken. The warrant was based upon the affidavit and should show a copy of it inserted therein, or annexed and referred to, or recite the substance of the accusation. (Gen. Code 13500.) Nowhere therein does it contain an allegation as to the county in which the alleged misdemeanor is claimed to have occurred, either in the affidavit or in the warrant, both of which simply refer to the caption which merely sets forth the county in which the affidavit is taken and the warrant issued. *Knight v. State,* 54 Ohio St. 365 [43 N. E. Rep. 995].

Second. We find no objection to the return of the service made upon the various individuals of the affidavit or of the warrant.

Third. The affidavit and warrant do not, we think, contain words sufficient to charge a crime, for they nowhere charge knowledge and criminal intent on the part of the various indi-

viduals arrested. "An affidavit charging the accused with violation of a Sunday closing ordinance is insufficient unless it charges knowledge and criminal intent." *Daugherty* v. *Dennison*, 12 Circ. Dec. 776 (11 N. S. 13), affirmed, no op., *Dennison* v. *Daugherty*, 59 Ohio St. 593.

Fourth. In a number of the affidavits and warrants issued against certain of the individuals, two alleged misdemeanors are set out in the same affidavit and warrant, one of performing labor on Sunday and another causing to be opened a place for the transaction of business. These are two distinct offenses, and for this reason the affidavit and warrant relating thereto are bad for duplicity. Duplicity is the joinder of two or more distinct offenses in one count. Bishop, Crim. Proced. Sec. 432. In the cases where the defendants are charged with two offenses in one count and tried on both, the affidavit and warrant were defective for this duplicity. *Barnhouse* v. *State*, 31 Ohio St. 39.

Fifth. Under Gen. Code 13045, it was necessary to have set out the negative averments contained in the statute: first, that the performance of the common labor complained of was not a work of necessity or charity, or that the work did not come within the other saving clauses of the statute. *Hirn* v. *State*, 1 Ohio St. 15; *Canton* v. *Nist*, 9 Ohio St. 439.

The sixth objection as to not alleging criminal intent is included in and covered by the third objection.

The seventh objection raised by counsel to the affidavits and warrants, we think is fully covered by what the court has heretofore said relating to the omission in the same of the necessary exceptions in the statute.

For the above reasons the judgments in the first ten cases will be reversed and in the last four will be affirmed.

**Giffen** and **Swing, JJ.,** concur.